"In view of the foregoing, the State concedes that it cannot be said that the Petitioner 'contemplated that life would be taken.' *Enmund* v. *Florida*, [458] U. S. [782, 801] ( . . . 1982)."

As I read that concession by the State, it means that there was no intent on petitioner's part to kill and, hence, that he could not be guilty of murder, let alone incur the death penalty.

But if the State's concession is indecisive and its language less than clear—as, evidently, a majority of the Members of this Court feels it to be—it seems to me that we should vacate the judgment entirely anyway, and let the Attorney General then clarify his concession to the Oklahoma Court of Criminal Appeals in language that is plainly understood so that that court may act and proceed accordingly. Surely, it is not for this Court to interpret, in the first instance, the extent of the State's concession and measure its reach so begrudgingly as it does today.

No. — – ——. CASTILLO *v.* UNITED STATES. Motion to direct the Clerk to file the petition for writ of certiorari out of time denied.

No. A–187. GLEASON *v.* UNITED STATES. Application for bail, addressed to JUSTICE BRENNAN and referred to the Court, denied.

No. A–242. AUTRY *v.* ESTELLE, DIRECTOR, TEXAS DEPARTMENT OF CORRECTIONS. Motion to vacate the stay of execution of sentence of death, entered by JUSTICE WHITE on October 5, 1983 [*post*, p. 1301], denied.

No. A–295. COULTER *v.* ALABAMA. Application for stay of execution of sentence of death, presented to JUSTICE POWELL, and by him referred to the Court, is granted pending the timely filing and disposition of a petition for writ of certiorari.

No. A–298. EVANS *v.* TEXAS. Application to continue the stay of issuance of the mandate of the Court of Criminal Appeals of Texas, presented to JUSTICE WHITE, and by him referred to the Court, is granted pending the timely filing and disposition of a petition for writ of certiorari.

No. D–348. IN RE DISBARMENT OF DAVIS. Disbarment entered. [For earlier order herein, see 461 U. S. 953.]

No. D–349. IN RE DISBARMENT OF BUTLER. Disbarment entered. [For earlier order herein, see 461 U. S. 954.]