John Russell THOMPSON,
Petitioner-Appellant,

v.

James A. LYNAUGH, Interim Director,
Texas Department of Corrections,
Respondent-Appellee.

No. 87–5554.

United States Court of Appeals,
Fifth Circuit.

July 7, 1987.

C.N. Rothe, Mark Stevens, San Antonio, Tex., for petitioner-appellant.

Jim Mattox, Atty. Gen., Robert S. Walt, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before RUBIN, JOHNSON, and JOLLY, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

In his second federal habeas petition, John Russell Thompson alleges that the prosecution introduced victim-impact testimony at his trial for capital murder, in violation of his Eighth Amendment rights as established by the recent Supreme Court

decision in *Booth v. Maryland,* —— U.S. ——, 107 S.Ct. 2529, 96 L.Ed.2d 440, 41 Crim.L.Rptr. 3282 (1987). We grant a certificate of probable cause for consideration of this issue but deny a stay of execution because Thompson did not object to this testimony at trial, the state habeas court held this claim barred by procedural default, and Thompson's counsel has not made a showing of cause and prejudice.

## I.

In March 1982, Thompson was convicted for the second time for the murder of Mary Kneupper, and was sentenced to death. The facts of the crime are set forth in this court's denial of Thompson's first application for habeas corpus. *See Thompson v. Lynaugh,* 821 F.2d 1054, 1055–58 (5th Cir.1987). In his present petition, Thompson challenges the admission of testimony given at the guilt phase of his second trial by Mrs. Kneupper's husband, Clifford Kneupper, and her grandson, Timothy Meyer McCammon. Because Mr. Kneupper died between Thompson's first and second trials, the state introduced the record of his testimony from the original trial. McCammon testified in person. At trial, Thompson's counsel made no objection to any of the testimony now being challenged.

Both Mrs. Kneupper's husband and grandson testified principally about the circumstances of her death. Mr. Kneupper testified that he worked with his wife at the "Pioneer Stor & Lok," a mini-storage facility in San Antonio, Texas. The front office of this business adjoined an apartment, which served as the Kneuppers' living quarters. On the afternoon of the murder, they were working in their office when a customer called to request that his locker be opened. Mr. Kneupper then walked to the locker, which was in a distant part of the storage yard. When he returned to the office ten or fifteen minutes later, his wife had been shot. Mr. Kneupper described the layout of the office and their living quarters, the location of his wife when he returned, and his efforts to revive her. In the course of this testimony, he expressed affection for his wife, and stated that she had two daughters and four grandchildren.

Timothy Meyer McCammon testified principally about the layout of his grandparents' office. In the course of his testimony, he explained that he had visited his grandmother often at her office, and that they were "very close." He stated that he had identified her body at the morgue, and mentioned the number of her children and grandchildren, as well as the thirty years his grandparents had been married. He said that his grandfather had taken the shooting "very hard."

## II.

■ Thompson claims that the introduction of this testimony at his trial created a constitutionally unacceptable risk that the jury imposed the death penalty in an arbitrary and capricious manner. He cites *Booth v. Maryland,* —— U.S. ——, 107 S.Ct. 2529, 96 L.Ed.2d 440, 41 Crim.L.Rptr. 3282 (1987), in which the Supreme Court recently held that the Eighth Amendment prohibits a capital sentencing jury from considering victim-impact evidence. We find that Thompson has made a "substantial showing of the denial of [a] federal right," *Barefoot v. Estelle,* 463 U.S. 880, 893, 103 S.Ct. 3383, 3394, 77 L.Ed.2d 1090 (1983) (quoting *Stewart v. Beto,* 454 F.2d 268, 270 n. 2 (5th Cir.1971), *cert. denied,* 406 U.S. 925, 92 S.Ct. 1796, 32 L.Ed.2d 126 (1972)), and therefore grant a certificate of probable cause.

## III.

Thompson's counsel did not raise any objections at trial to the introduction of the testimony of Mrs. Kneupper's husband and grandson. The state habeas court has found that this omission constitutes a procedural default under *Armstrong v. State,* 718 S.W.2d 686 (Tex.Crim.App.1985), and therefore that Thompson's counsel has waived any error on this issue. *Ex parte Thompson,* Writ No. 15, 932–03 (Tex.Crim. App. July 2, 1987) (per curiam). The state court's denial of relief, however, rests on this

ground only in the alternative. The court's rationale, in its entirety, was:

In the instant cause, applicant maintains that portions of testimony from two witnesses was admitted in violation of *Booth v. Maryland*, —— U.S. —— [107 S.Ct. 2529] 41 Crim.L.Rptr. 3273 (1987). We have reviewed the testimony in question and find that it does not amount to a victim impact statement within the prohibition set forth in *Booth v. Maryland*, supra. Moreover, error, if any, was waived by applicant's failure timely to object at trial.

*Id.* (footnote omitted). We must therefore decide whether the state, by denying Thompson's claim on the merits as well as on the basis of procedural default, has waived the bar of procedural default in federal court.

In *Cook v. Lynaugh*, 821 F.2d 1072, 1077 (5th Cir.1987), this court held, "[W]hen a state court bases its decision upon the alternative grounds of procedural default and a rejection of the merits, a federal court must, in the absence of good 'cause' and 'prejudice,' deny habeas relief because of the procedural default." The opinion in *Cook* relies on *Ratcliff v. Estelle*, 597 F.2d 474, 475–76, 477–79 (5th Cir.), *cert. denied*, 444 U.S. 868, 100 S.Ct. 143, 62 L.Ed.2d 93 (1979), an earlier decision in which this court reached the same result. *See also Clark v. Blackburn*, 632 F.2d 531, 533 n. 1 (5th Cir. Unit A Dec. 1980). Both cases, however, involve state court opinions that relied *first* on procedural default and only secondly on the merits. In our case the state court reached the *merits* first, and only later invoked procedural default.

■ We conclude, nevertheless, that even when procedural default is the second ground stated for the state court's decision, review on the merits is barred in federal court. The difference between raising procedural default as the first or the second of two alternative yet equally emphasized grounds of a state court opinion is simply too tenuous a distinction on which to base a federal court's power to reach the merits of

a habeas claim. We therefore do not apply the holding of *Darden v. Wainwright*, 513 F.Supp. 947, 951–52 (M.D.Fla.1981), *aff'd*, 699 F.2d 1031, 1034 & n. 4, *aff'd*, 708 F.2d 646 (11th Cir.1983) (en banc), *rev'd on other grounds*, 725 F.2d 1526 (11th Cir.1984) (en banc), *rev'd on other grounds*, 469 U.S. 1202, 105 S.Ct. 1158, 84 L.Ed.2d 311 (1985), to our facts. In *Darden*, the Middle District of Florida held that, when a state court clearly entertains and determines an issue on the merits as the primary basis of decision, and the procedural default rationale is a secondary basis of disposition, a federal court must consider the claim on its merits. *Id.* at 952.

■ Absent a showing of good cause, we must also conclude that Thompson cannot excuse his procedural default. *See Murray v. Carrier*, —— U.S. ——, ——, 106 S.Ct. 2639, 2650, 91 L.Ed.2d 397 (1986); *Smith v. Murray*, —— U.S. ——, ——, 106 S.Ct. 2661, 2665–66, 91 L.Ed.2d 434 (1986); *Engle v. Isaac*, 456 U.S. 107, 129, 102 S.Ct. 1558, 1572–73, 71 L.Ed.2d 783 (1982). The Supreme Court's decision in *Booth* does not create a sufficiently novel issue to excuse a procedural default, for it merely reiterates what the Supreme Court has previously held: The Eighth Amendment requires that sentencing in a capital murder case must focus on the individualized character of the defendant and the particular circumstances of the crime. *See Booth*, —— U.S. at ——, 107 S.Ct. at 2532, 41 Crim.L.Rptr. at 3283; *Zant v. Stephens*, 462 U.S. 862, 878–79, 103 S.Ct. 2733, 2743–44, 77 L.Ed.2d 235 (1983); *Eddings v. Oklahoma*, 455 U.S. 104, 112, 102 S.Ct. 869, 875, 71 L.Ed.2d 1 (1982). Moreover, any claim of futility of objection under state law would not constitute good cause to excuse a procedural default. *See Engle v. Isaac*, 456 U.S. at 130, 102 S.Ct. at 1573.

For the above reasons, the district court's judgment is affirmed and Thompson's request for a stay of execution is denied.