Willie WATSON, Jr.,
Petitioner-Appellant,

v.

Robert H. BUTLER, Sr., Warden, Louisiana State Penitentiary at Angola, et al., Respondents-Appellees.

No. 87–3532
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 22, 1987.

Ralph H. Whalen, Jr., New Orleans, La., for petitioner-appellant.

William J. Guste, Atty. Gen., New Orleans, La., Harry J. Morel, Jr., Dist. Atty., Kurt F. Sins, Gregory C. Champagne, Asst. Dist. Atty., Hahnville, La., for respondents-appellees.

---

Before GEE, JOHNSON, and DAVIS, Circuit Judges.

PER CURIAM:

We have carefully considered petitioner's eight claims for relief and, for the reasons stated succinctly and correctly in the "Order and Reasons" of the District Court, we AFFIRM its judgment dismissing the petition. We issue no separate opinion in the interest of permitting petitioner the maximum time within which to seek relief from the Supreme Court.

The application for stay of execution is DENIED. Judge Johnson would grant the stay because of the Supreme Court's grant of certiorrari in *Lowenfield v. Phelps*, 817 F.2d 285 (5th Cir.1987).

JOHNSON, Circuit Judge, dissenting:

Being of the view that Mr. Watson's application for a stay of execution should be granted, I respectfully dissent.[1] In *Barefoot v. Estelle*, 463 U.S. 880, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983), the Supreme Court established the standards applicable to requests for stays pending certiorari petitions. The Court stated that:

Stays of execution are not automatic pending the filing and consideration of a petition for a writ of certiorari from this Court to the court of appeals that has denied a writ of habeas corpus. It is well-established that there 'must be a reasonable probability that four members of the Court would consider the underlying issue sufficiently meritorious for the grant of certiorari or the notation of probable jurisdiction; there must be a significant possibility of reversal of the lower court's decision; and there must be a likelihood that irreparable harm will result if that decision is not stayed.'

*Id.* at 896, 103 S.Ct. at 3396 (citations omitted). This Court has adopted the quoted language from *Barefoot* in Local Rule 8.11, which provides that:

A stay to permit the filing and consideration of a petition for a writ of certiorari will not ordinarily be granted. The panel shall determine whether there is a reasonable probability that four members of the Supreme Court would consider the underlying issues sufficiently meritorious for the grant of certiorari and whether there is a substantial possibility of reversal of its decision, in addition to a likelihood that irreparable harm will result if its decision is not stayed.

The first factor to be considered under Local Rule 8.11 is whether there is a reasonable probability that four members of the Supreme Court would consider the underlying issues sufficiently meritorious for the grant of certiorari. In *Lowenfield v. Phelps*, the Supreme Court recently granted certiorari to consider the following two questions:

1. Whether, in this capital case, petitioner was denied his constitutional right to a fair and impartial jury trial by the trial court's insistence that the jury resolve its dead-locked status in the penalty phase, by forcing the jury to deliberate for an unreasonably lengthy period of time, by polling the jury, and by use of coercive supplemental instructions encouraging a verdict?

2. Whether the sentencing scheme by which petitioner faces death, based on a sole statutory aggravating circumstance that merely repeats an element of the crime, violates the Eighth Amendment requirement that sentencer discretion be directed and limited so as to minimize the risk of arbitrary and capricious executions?

Watson's petition squarely presents the second of these issues. Under Louisiana law, only an individual convicted of first degree murder is subject to capital punishment. First degree murder is defined as the killing of a human being in one of five particular settings, set forth in La.Rev.

---

1. I thus agree with the position of Justice Dennis of the Louisiana Supreme Court that the United States Supreme Court's grant of certiora-ri in *Lowenfield v. Phelps* requires granting Mr. Watson's application for a stay of execution.

Stat.Ann. § 14.30 (West 1986). Because the murder committed by Watson fits into only one of these categories, we can safely assume that Watson was found guilty of first degree murder because he killed while "engaged in the perpetration or attempted perpetration of aggravated kidnapping, aggravated escape, aggravated arson, aggravated rape, aggravated burglary, armed robbery, or simple robbery." La.Rev.Stat. Ann. § 14.30A(1).

Louisiana law further provides that a "sentence of death shall not be imposed unless the jury finds beyond a reasonable doubt that at least one statutory aggravating factor exists." La.Code Crim.Proc.Art. 905.3 (1984). The jury in Watson's case found two aggravating circumstances: (1) that Watson "was engaged in the perpetration or attempted perpetration of aggravated rape, aggravated kidnapping, aggravated burglary, aggravated arson, aggravated escape, armed robbery, or simple robbery;" and (2) that Watson had "a significant prior history of criminal activity." The second of these aggravating circumstances has since been invalidated by the Louisiana Supreme Court as unconstitutionally vague under the eighth amendment. *State v. David*, 468 So.2d 1126 (La. 1984). Thus only one valid aggravating circumstance remains in support of Watson's sentence, a circumstance that fully overlaps with a circumstance the State was required to prove to establish his guilt of first degree murder. Watson's petition presents, therefore, the same precise claim this Court rejected on the merits in *Lowenfield v. Phelps*, 817 F.2d 285, 289 (5th Cir. 1987), but which the Supreme Court has since agreed to consider.

Where, as here, the Supreme Court has already granted certiorari in a case

presenting an identical or similar issue, the focus of our inquiry under Rule 8.11 shifts slightly. Rather than examining the probability that the Court would grant certiorari in the particular case at issue, we examine the probability that the Court would hold the case pending disposition of the case already accepted for review. On at least three occasions in recent years, the Supreme Court has granted certiorari to consider particular issues in capital cases and then held subsequent cases raising substantially identical questions.[2] The simple fact that the Supreme Court has granted certiorari in *Lowenfield* clearly establishes the certworthiness of Watson's *Lowenfield* claim and raises a reasonable probability that the Supreme Court will hold Watson's case pending the disposition of *Lowenfield*. This probability is particularly strong given the existence of a circuit conflict on the issue. *Compare Lowenfield v. Phelps*, 817 F.2d 285, 289 (5th Cir.1987), *with*, *Collins v. Lockhart*, 754 F.2d 258, 263–65 (8th Cir.), *cert. denied*, 474 U.S. 1013, 106 S.Ct. 546, 88 L.Ed.2d 475 (1985).

Both the second and third Rule 8.11 factors are also satisfied in the instant case. The second factor requires us to determine whether there is a substantial possibility that the Supreme Court will reverse our Circuit's rule rejecting the *Lowenfield* claim. While I fully agree with our Circuit's decision on the merits of the *Lowenfield* issue, I am not so assured that my view or the view of this Court will determine how the Supreme Court will decide the issue. The Eighth Circuit has granted relief based on the *Lowenfield* issue, *see Collins v. Lockhart*, 754 F.2d 258, 263–64 (8th Cir.), *cert. denied*, 474 U.S. 1013, 106 S.Ct. 546, 88 L.Ed.2d 475 (1985), and a number of State courts have invalidated

2. After granting certiorari in *Pulley v. Harris*, 460 U.S. 1036, 103 S.Ct. 1425, 75 L.Ed.2d 787 (1983), the Supreme Court held several subsequent cases raising the same proportionality claim presented in *Pulley*. *See, e.g., Autry v. Estelle*, 464 U.S. 925, 104 S.Ct. 326, 98 L.Ed.2d 298 (1983). The same pattern followed the Court's grant of certiorari in *Lockhart v. McCree*, 474 U.S. 816, 106 S.Ct. 59, 88 L.Ed.2d 48 (1985), *see, e.g., Celestine v. Blackburn*, 473 U.S. 938, 106 S.Ct. 31, 87 L.Ed.2d 707 (1985),

and its grant of certiorari in *McCleskey v. Kemp*, — U.S. ——, 106 S.Ct. 3331, 92 L.Ed.2d 737 (1986), *see e.g., Glass v. Blackburn, stay granted*, — U.S. ——, 107 S.Ct. 29, 92 L.Ed.2d 779 (1986); *Moore v. Blackburn, stay granted*, — U.S. ——, 107 S.Ct. 25, 92 L.Ed.2d 776 (1986); *Brogdon v. Blackburn, stay granted*, — U.S. ——, 107 S.Ct. 28, 92 L.Ed.2d 778 (1986); *Rault v. Blackburn, stay granted*, — U.S. ——, 107 S.Ct. 30, 92 L.Ed.2d 780 (1986).

double-counting of aggravating circumstances. *See, e.g., Cook v. State,* 369 So.2d 1251, 1256 (Ala.1979); *Provence v. State,* 337 So.2d 783, 786 (Fla.1976); *State v. Rust,* 197 Neb. 528, 537, 250 N.W.2d 867, 874, *cert. denied,* 434 U.S. 912, 98 S.Ct. 622, 54 L.Ed.2d 198 (1977); *Glidewell v. State,* 663 P.2d 738, 743 (Okla.Crim.1983). I also note that the Supreme Court agreed to review our decision rejecting the *Lowenfield* claim, not that of the Eighth Circuit granting relief based on that claim. Rule 8.11 does not, of course, require us to determine that our decision on the *Lowenfield* issue will probably be reversed—only that there is a substantial possibility of reversal. Given the Eighth Circuit's decision in *Collins* as well as the numerous state court decisions reaching similar conclusions, I am convinced that there is a substantial possibility of reversal.

The final Rule 8.11 factor, the likelihood of irreparable harm if a stay is not granted, is clearly present in this and all other capital cases. Faithful execution of the state court judgment will necessarily moot Mr. Watson's claim for relief. Rule 8.11 thus commands a stay pending the filing and disposition of Mr. Watson's petition for certiorari. Because the majority refuses to grant such a stay, I respectfully dissent.