No. A–78 (87–5161). WATSON v. BUTLER, WARDEN. C. A. 5th Cir. Application for stay of execution of sentence of death, presented to JUSTICE WHITE, and by him referred to the Court, denied. JUSTICE STEVENS would grant the application.

JUSTICE BRENNAN and JUSTICE MARSHALL, with whom JUSTICE BLACKMUN joins in Parts II and III, dissenting.

I

Adhering to our views that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia*, 428 U. S. 153, 227 (1976) (BRENNAN, J., dissenting), we would grant the stay application and the petition for writ of certiorari.

II

Even if we did not hold these views, we would nonetheless grant the stay application in order to hold the case for *Lowenfield* v. *Phelps*, No. 86–6867. At issue in *Lowenfield* is the constitutionality of a death-sentencing procedure where the aggravating factor found by the jury duplicates the jury's findings in the guilt phase and thus fails to narrow the class of defendants eligible for the death penalty.

In this case, Watson was found guilty of first-degree murder because he killed while "engaged in the perpetration or attempted perpetration of aggravated kidnapping, aggravated escape, aggravated arson, aggravated rape, aggravated burglary, armed robbery, or simple robbery." La. Rev. Stat. Ann. § 14.30(A)(1) (West 1986). Louisiana law requires that the sentencing jury find beyond a reasonable doubt that at least one statutory aggravating factor exists before a death sentence may be imposed. La. Code Crim. Proc. Ann., Art. 905.3 (West Supp. 1987). Article 905.4 of the Louisiana Code of Criminal Procedure (West 1984 and Supp. 1987) provides that "[t]he following shall be considered aggravating circumstances," and lists 10 circumstances, which are labeled as subsections (a) through (j). The jury in Watson's case found that Watson had committed the acts described in subsection (a): he "was engaged in the perpetration or attempted perpetration

of aggravated rape, aggravated kidnapping, aggravated burglary, aggravated arson, aggravated escape, armed robbery, or simple robbery."[1]  Specifically, the jury determined that Watson committed armed robbery and aggravated rape.

If the commission of armed robbery and aggravated rape constitutes only a single aggravating circumstance, then Watson presents exactly the same claim as Lowenfield.[2]  In the majority of cases that have required a tally of aggravating circumstances, the Louisiana Supreme Court has considered the presence of more than one felony under Article 905.4(a) to count as only a single aggravating factor.  See, e. g., State v. Carmouche, 508 So. 2d 792 (1987); State v. Bates, 495 So. 2d 1262 (1986); State v. Andrews, 452 So. 2d 687 (1984); State v. Jordan, 420 So. 2d 420 (1982); State v. Myles, 389 So. 2d 12 (1979).  In some other cases, including this one, State v. Watson, 449 So. 2d 1321 (1984), the Louisiana Supreme Court appears to have viewed each felony as a separate aggravating factor.  That court, however, has not had the opportunity to address this issue explicitly.  In our view, until the Louisiana Supreme Court gives the statute a definitive interpretation, this Court should grant the application for stay, in order to hold for Lowenfield.

### III

Four Members of this Court consider the above view sufficiently compelling to have voted to hold this case until Lowenfield is decided.  Three votes suffice to hold a case, but it takes five votes to stay an execution.  The Court today thus permits Mr. Watson's legal claim to stay alive while condemning Watson himself to die under a sentencing scheme that within a matter of months the Court may conclude is unconstitutional.  Half the Members of this Court believe that Watson's claim might be indistinguishable from

---

[1] The jury also found a second aggravating circumstance that Watson had "a significant prior history of criminal activity."  This aggravating circumstance has since been invalidated by the Louisiana Supreme Court as unconstitutionally vague under the Eighth Amendment.  State v. David, 468 So. 2d 1126 (1984).

[2] The District Court denied Watson's claim and stated only: "Suffice it to say that the Fifth Circuit Court of Appeals, whose ruling binds this court has decided this claim adversely to petitioner.  Lowenfield v. Phelps, 817 F. 2d 285 (1987)."  No. 87-3391 (ED La. July 21, 1987).  The Court of Appeals affirmed the judgment, agreeing with the "reasons stated succinctly and correctly" by the District Court.  823 F. 2d 842, 843 (CA5 1987).

Lowenfield's, yet tonight Watson will be executed while Lowenfield may prevail and be spared. This prospect is the ultimate derogation of the Court's duty to provide equal justice under law.

We dissent.