**Robert L. STREETMAN,**
**Petitioner–Appellant,**

v.

**James A. LYNAUGH, Director, Texas Department of Corrections,**
**Respondent–Appellee.**

**No. 88–2005.**

United States Court of Appeals,
Fifth Circuit.

Jan. 6, 1988.

Robert L. McGlasson, Atlanta, Ga., for petitioner-appellant.

William Zapalac, Asst. Atty. Gen., Atlanta, Ga., for respondent-appellee.

Before RUBIN, JOHNSON, and JONES, Circuit Judges.

PER CURIAM:

## I.

Petitioner Robert L. Streetman alleges that his sentence of death is scheduled for execution on Thursday, January 7, 1988, at 12:01 a.m. This date, Wednesday, January 6, 1988, Streetman has already once applied to this Court for a certificate of probable cause to appeal from a federal district court denial of a motion for relief from judgment denying habeas corpus relief and for stay of execution. That application was denied.[1]

This same date, the Texas Court of Criminal Appeals denied Streetman's second application in state court for habeas corpus relief.[2] After this state court denial, Streetman applied for the second time to federal district court for habeas corpus relief. The federal district court entered a judgment denying habeas corpus relief.

Streetman now applies to this Court for leave to proceed in forma pauperis, for a certificate of probable cause to appeal from the federal district court's judgment of this date denying habeas corpus relief, and for a stay of execution. For the reasons assigned below, we grant leave to proceed in forma pauperis and deny the application for a certificate of probable cause and a stay of execution.

## II.

Streetman's application presents six claims.

### Claim I

In his first claim, Streetman raises an issue identical to the issue treated in *Penry v. Lynaugh*.[3] The *Penry* Court held that prior precedents of this Circuit precluded relief on that ground.[4]

### Claim II

Streetman argues that state court's jury instructions on mitigating evidence at the sentencing phase of his trial were constitutionally inadequate. The state correctly observes that the Texas Court of Criminal Appeals has ruled that this claim is barred under state procedural law for failure to object to the jury instructions. Streetman has not made any assertion of good cause and prejudice to excuse this procedural default.[5]

### Claim III

Streetman argues that the Texas death penalty statute fails to narrow the class of persons eligible for the death sentence because the first question answered by the

---

1. *Streetman v. Lynaugh,* 835 F.2d 1521 (5th Cir.1988).

2. *Ex parte Streetman,* Writ No. 15,682–02 (Tex. Crim.App. Jan. 6, 1988).

3. 832 F.2d 915 (5th Cir.1987).

4. 832 F.2d at 926.

5. *See generally Thompson v. Lynaugh,* 821 F.2d 1080, 1082 (5th Cir.), *cert. denied,* — U.S. —, 108 S.Ct. 5, 97 L.Ed.2d 794 (1987).

jury in the sentencing phase, whether the crime was committed "deliberately," duplicates the determination of intentionality made at the guilt or innocence phase.[6] Streetman points out that the Supreme Court has granted certiorari in a Louisiana case, *Lowenfield v. Phelps,*[7] in which an aggravating circumstance also duplicates an element of the crime. In *Lowenfield,* however, the duplicative element was the *sole* aggravating circumstance justifying the death penalty. As we explained in *Thompson v. Lynaugh,*[8] the Texas death penalty statute requires the jury to make at least two other determinations that have a narrowing effect. The *Thompson* Court concluded that the Texas death penalty scheme passed constitutional muster even without the inquiry into deliberateness.[9] Therefore, the grant of certiorari in *Lowenfield* does not support relief in the instant case.

### Claims IV, V, and VI

The remaining three claims presented by Streetman's application are foreclosed by this Court's previous denial this date of Streetman's application for certificate of probable cause and stay of execution.[10]

### III.

Applying the pertinent standards,[11] we conclude that Streetman's application for certificate of probable cause and stay of execution must be denied. Judges Rubin and Johnson join in this per curiam, agreeing that its result is required by cases establishing the law of the Circuit.

LEAVE TO PROCEED IN FORMA PAUPERIS GRANTED, CERTIFICATE OF PROBABLE CAUSE DENIED, AND STAY OF EXECUTION DENIED

### ORDER

BY THE COURT:

In light of our denial of petitioner Robert L. Streetman's Application for Certificate of Probable Cause and Stay of Execution, *Streetman v. Lynaugh,* 835 F.2d 1519 (5th Cir.1988), we also deny Streetman's Motion for Immediate Stay of Execution pursuant to 28 U.S.C. § 1651 filed in conjunction with that action (Case No. 88–2005).

---

6. Tex.Code Crim.P.Ann. art. 37.071(b)(1).

7. 817 F.2d 285 (5th Cir.), *cert. granted,* — U.S. ——, 107 S.Ct. 3227, 97 L.Ed.2d 734 (1987).

8. 821 F.2d 1054, 1059–60 (5th Cir.), *cert. denied,* —— U.S. ——, 108 S.Ct. 5, 97 L.Ed.2d 794 (1987).

9. 821 F.2d at 1060.

10. *Supra* note 1.

11. *See generally Streetman,* 835 F.2d at 1524.