Robert L. STREETMAN,
Petitioner–Appellant

v.

James A. LYNAUGH, Director, Texas Department of Corrections, Respondent–Appellee.

No. 88–2004.

United States Court of Appeals, Fifth Circuit.

Jan. 6, 1988.

---

Robert L. McGlasson, Austin, Tex., Will Gray, Houston, Tex., Michael S. McNeely, Richmond, Tex., for petitioner-appellant.

Jim Mattox, Atty. Gen., William C. Zapalac, Paula Offenhauser, Asst. Attys. Gen., Austin, Tex., for respondent-appellee.

Before RUBIN, JOHNSON, and JONES, Circuit Judges.

## OPINION

PER CURIAM:

Petitioner Robert L. Streetman alleges that his sentence of death is scheduled for execution on Thursday, January 7, 1988, at 12:01 a.m. On Wednesday, January 6, 1988, Streetman moved this Court to enforce an allegedly outstanding order of this Court staying execution of his death sentence. At the same time, Streetman applied in the alternative for leave to proceed in forma pauperis, for a certificate of probable cause to appeal, and for a stay of execution. For the reasons assigned below, we deny the motion for enforcement. Further, we grant leave to proceed in forma pauperis and deny the application for a certificate of probable cause and new stay of execution.

## I. *Facts and Procedural History*

The State of Texas has convicted Streetman of capital murder and sentenced him to death. After pursuing habeas corpus remedies in Texas state courts, Streetman unsuccessfully applied to federal district court for a writ of habeas corpus and a stay of execution.

On May 6, 1986, this Court granted Streetman's application for a certificate of probable cause and stay of execution. On appeal, Streetman "contend[ed] that his trial attorneys were ineffective in failing to discover that Streetman's statements to authorities were inadmissible and in failing to urge suppression of those statements."[1] On March 9, 1987, this Court reversed the district court's judgment denying habeas corpus relief and remanded for an evidentiary hearing. On May 8, 1987, this Court received a letter purportedly from Streetman expressing his desire to have a new date for execution of his death sentence and explaining that the hearing ordered by this Court "would be a great waste of time and money because I would have to lie on the stand under oath if a hearing is held to prove coercement [*sic*] of my statement's [*sic*]." On May 21, 1987, the federal district court nonetheless conducted an evidentiary hearing.

At the hearing, Streetman's counsel Will Gray moved to withdraw. The court carried the motion with the case. Gray nonetheless stated that he would not represent Streetman at the hearing.

The court and the State then questioned Streetman generally about the letter received by this Court and his willingness to proceed with the hearing. Attorney Gray moved the court to appoint a psychiatrist to determine Streetman's mental competence to forgo the legal processes available to him. The court carried the motion with the case.

The State was then permitted to call witnesses for testimony bearing upon the voluntariness of Streetman's confessions. Neither Streetman nor Gray questioned the State's witnesses. Neither Streetman nor Gray presented evidence on the voluntariness issue, although Streetman did state that the State's witnesses had been truthful.

On November 7, 1987, the federal district court issued an opinion (1) denying Attorney Gray's motion to withdraw, (2) denying Gray's motion to appoint a psychiatrist, (3) determining Streetman mentally competent to choose to forgo further litigation, and (4) determining that Streetman's trial attorneys had not rendered ineffective assistance of counsel by failing to urge suppression of his confessions. Accordingly, on that same day, the federal district court entered a judgment denying habeas corpus relief. Streetman has not appealed from this judgment.

On January 4, 1988, Streetman moved the federal district court under Federal Rule of Civil Procedure 60(b) for relief from the November 7 judgment denying habeas corpus relief. On this date, January 6, 1988, the district court denied the Rule 60(b) motion.

Streetman now moves this Court for enforcement of this Court's stay of execution granted May 6, 1986. In the alternative, Streetman applies for a certificate of probable cause to appeal the federal district court denial of the Rule 60(b) motion and for a new stay of execution.

## II. *Discussion*

### A. *Motion to Enforce*

■ This Court's stay order of May 6, 1986, states that Streetman's "application for a stay of execution pending appeal is GRANTED pending further order by this Court." Streetman contends that "no further order by this Court" has issued and that the stay order is therefore still in effect. We disagree.

The operative language of the stay order grants an application for "a stay of execution *pending appeal*." That appeal was heard and disposed of. The judgment of this Court disposing of the appeal by reversing and remanding did not retain jurisdiction. The appeal is therefore no longer

---

**1.** *Streetman v. Lynaugh,* 812 F.2d 950, 954 (5th Cir.1987).

pending. Once the appeal was no longer pending, the stay order by its own terms dissolved. Under these circumstances, the phrase *pending further order by this Court* in the stay order must be taken to refer to a possible further order between the time of the May 6 grant of the stay order and dissolution of that stay order by its terms upon final disposition of the appeal then pending.

The stay order of May 6, 1986, has already dissolved, and we therefore deny Streetman's motion to enforce a dissolved order.

### B. *Application for Certificate of Probable Cause and Stay of Execution*

The standard governing the application for a certificate of probable cause requires this Court to determine whether Streetman has made " 'a "substantial showing of the denial of [a] federal right." ' " [2]

■ The standard governing the application for stay of execution requires this Court to determine

"(1) whether the movant has made a showing of likelihood of success on the merits, (2) whether the movant has made a showing of irreparable injury if the stay is not granted, (3) whether the granting of the stay would substantially harm the other parties, and (4) whether the granting of the stay would serve the public interest." [3]

Under this standard, the movant in a capital case " 'need not always show the probability of success on the merits [so long as] he ... present[s] a substantial case on the merits when a serious legal question is involved and show[s] that the balance of the equities (i.e. the other three factors) weighs heavily in favor of granting the stay.' " [4]

Streetman's application represents that his appeal, if permitted, would principally present for review whether the federal district court erred in denying the Rule 60(b) motion on the grounds (1) that the court should have appointed a psychiatrist to determine Streetman's mental competence to forgo further litigation, (2) that the federal district court's determination of mental competence is erroneous, (3) that the federal district court should have appointed another attorney to represent Streetman, and (4) that the evidentiary hearing conducted by the federal district court on May 21, 1987, did not satisfy this Court's mandate remanding for a hearing.

A motion under Rule 60(b) is " 'directed to the sound discretion of the district court' "; consequently, the appellate court reviews a denial " 'only for abuse of that discretion.' " [5] If the federal district court's denial of relief from its refusal to appoint a psychiatrist and its determination of Streetman's mental competence would be sustainable under this standard then the other issues presented by Streetman's application need not be considered because they concern asserted errors in legal proceedings Streetman would have chosen to forgo. [6]

#### 1.

In *Rees v. Peyton*, [7] a state criminal defendant under a death sentence filed a peti-

---

**2.** *Rault v. Butler*, 826 F.2d 299, 302 (5th Cir.) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, 103 S.Ct. 3383, 3394, 77 L.Ed.2d 1090 (1983)), *cert. denied,* — U.S. —, 108 S.Ct. 14, 97 L.Ed. 2d 803 (1987); *see also Brogdon v. Butler*, 824 F.2d 338, 340 (5th Cir.), *cert. denied,* — U.S. —, 108 S.Ct. 13, 97 L.Ed.2d 802 (1987).

**3.** *Brogdon*, 824 F.2d at 340 (quoting *Celestine v. Butler*, 823 F.2d 74, 77 (5th Cir.), *cert. denied,* — U.S. —, 108 S.Ct. 6, 97 L.Ed.2d 796 (1987)).

**4.** *Brogdon*, 824 F.2d at 340 (quoting *O'Bryan v. McKaskle*, 729 F.2d 991, 993 (5th Cir.1984)).

**5.** *Godwin v. Federal Sav. and Loan Ins. Corp.*, 806 F.2d 1290, 1293 (5th Cir.1987) (quoting *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir.1981)); *see also Huff v. International Longshoremen's Ass'n, Local #24*, 799 F.2d 1087, 1091 (5th Cir.1986).

**6.** The ultimate scope of Streetman's May 1987 decision to forgo further legal proceedings is unclear. It is clear, however, that this decision to forgo further proceedings encompassed the proceedings before the federal district court on the very day Streetman made his decision.

**7.** 384 U.S. 312, 86 S.Ct. 1505, 16 L.Ed.2d 583 (1966).

tion for certiorari to review a court of appeals decision affirming the denial of habeas corpus relief. Before the Supreme Court had acted upon the certiorari petition, the defendant Rees withdrew the petition and decided to "forgo any further legal proceedings." [8] In "aid of the proper exercise of [its] certiorari jurisdiction," the Supreme Court directed the federal district court to "make a judicial determination as to Rees' mental competence," that is, "whether he has capacity to appreciate his position and make a rational choice with respect to continuing or abandoning further litigation or on the other hand whether he is suffering from a mental disease, disorder, or defect which may substantially affect his capacity in the premises." [9] In the margin, we set forth the elaboration of the *Rees* test this Circuit undertook in *Rumbaugh v. Procunier.*[10]

The Supreme Court also observed that it would "be appropriate for the District Court to subject Rees to *psychiatric* and other appropriate medical *examinations*," citing for support by analogy the federal statutory provisions presently codified at 18 U.S.C. §§ 4241–4247 [11] that authorize a federal district court in a federal criminal prosecution to order "psychiatric or psychological examination" [12] of a defendant whose mental competency to stand trial is in issue.

The dimensions of the federal district court power recognized in *Rees* to order psychiatric examination have yet to be spelled out. We are nevertheless confident that the district court, if it can be required to exercise this power, is so required only once a certain threshold showing has been made, just as the district court is not required to exercise its power under the statutes cited by the *Rees* Court until a certain showing has been made. We turn then to the case law concerning those statutes for guidance.

An order under 18 U.S.C. § 4241 requiring psychiatric or psychological examination calls for " 'an exercise of judicial discretion to determine if there is "reasonable cause to believe" that the defendant may be incompetent.' " [13] Further, the "deter-

---

**8.** 384 U.S. at 313, 86 S.Ct. at 1506.

**9.** 384 U.S. at 313–14, 86 S.Ct. at 1506.

**10.** 753 F.2d 395, 398–99 (5th Cir.), *cert. denied*, 473 U.S. 919, 105 S.Ct. 3544, 87 L.Ed.2d 668 (1985):

This test requires the answer to three questions:
(1) Is the person suffering from a mental disease or defect?
(2) If the person is suffering from a mental disease or defect, does that disease or defect prevent him from understanding his legal position and the options available to him?
(3) If the person is suffering from a mental disease or defect which does not prevent him from understanding his legal position and the options available to him, does that disease or defect, nevertheless, prevent him from making a rational choice among his options?
If the answer to the first question is no, the court need go no further, the person is competent. If both the first and second questions are answered in the affirmative, the person is incompetent and the third question need not be addressed. If the first question is answered yes and the second is answered no, the third question is determinative; if yes, the person is incompetent, if no, the person is competent.

**11.** 384 U.S. at 314, 86 S.Ct. at 1506–07 (emphasis supplied).

**12.** 18 U.S.C. § 4241(b).

**13.** *United States v. Partin*, 552 F.2d 621, 635 (5th Cir.) (quoting *United States v. Hall*, 523 F.2d 665, 667 (2d Cir.1975)), *cert. denied*, 434 U.S. 903, 98 S.Ct. 298, 54 L.Ed.2d 189 (1977); *see also United States v. Morgan*, 559 F.2d 397, 397–98 (5th Cir.1977), *cert. denied*, 435 U.S. 926, 98 S.Ct. 1493, 55 L.Ed.2d 520 (1978); *United States v. McEachern*, 465 F.2d 833, 836–38 (5th Cir.), *cert. denied*, 409 U.S. 1043, 93 S.Ct. 539, 34 L.Ed.2d 494 (1972); *see Autry v. McKaskle*, 727 F.2d 358, 362 (5th Cir.) ("Autry refused to allow his counsel to proceed on a tactical course that might have conferred substantial benefit, and, in the case of the refused plea bargain, would have avoided the risk of a death sentence. A competency hearing is not an automatic condition for accepting such decisions. Indeed the Supreme Court has allowed a pro se withdrawal of a petition for writ of certiorari filed by a death-sentenced prisoner, with no inquiry into competence in face of counsel's failure to question his client's competence. *Hammett v. Texas*, 448 U.S. 725, 100 S.Ct. 2905, 65 L.Ed.2d 1086 (1980). At the same time, the Supreme Court has refused pro se withdrawal of a petition for writ of certiorari absent a competency hearing when counsel questioned his client's competence and

mination of reasonable cause is left in large part to the discretion of the district court" and reviewable for "abuse of such discretion." [14]

In its opinion issued November 7, 1987, the federal district court relied upon three items of evidence in finding Streetman mentally competent to choose to forgo further legal proceedings. First, in July 1983, in advance of trial, psychological examination of Streetman had produced the opinion that he was competent to stand trial. Second, in January 1986, Streetman informed the state convicting court of his desire to waive judicial review, and a psychological evaluation of Streetman at that time yielded the opinion that he suffered from no psychopathy that would limit his ability to understand his present situation or to make judgments and act on his own volition. Third, the federal district court relied upon its own extensive questioning of Streetman at the May 1987 evidentiary hearing and Streetman's clarity, responsiveness, coherence, and corresponding demeanor during this questioning.

■ In his Rule 60(b) motion, Streetman tried to establish reasonable cause by making these further allegations of fact. Streetman alleged that he had a history of psychiatric illness and had received various forms of psychiatric treatment including drug therapy. Streetman also alleged a childhood injury to the head, blackouts, loss of hearing in one ear, and recurring temporary numbness in his extremities throughout his life. Some of these general allegations do not address the preliminary question of mental disease or defect.[15] Others,

to the extent they go more directly to that question, concern events spanning years. This span of time overlaps with the professional opinions of competency cited by the federal district court. Since these general allegations are not linked to the time of Streetman's decision to forgo further proceedings, they do not show reasonable cause.

■ Streetman also alleged that at the time of his May 1987 decision to forgo further litigation, he was taking on a daily basis two drugs called Haldol and Cogentin. The cases concerning 18 U.S.C. § 4241 show that the "fact that a defendant is under some influence from narcotics does not *per se*" establish reasonable cause to order a psychiatric examination.[16] In the present case, there was no allegation that the effects associated with these drugs, in the quantities taken or more generally, amount to a mental defect. There was no allegation that Streetman has a peculiar sensitivity making their effect upon him tantamount to a mental defect. On the other hand, there was evidence that prison medical personnel had prescribed these drugs in the dosage alleged. Further, Streetman had testified at the May 1987 hearing that these drugs did not affect his mental processes or his memory, but rather assisted him in controlling nervousness. Under these circumstances, these allegations do not establish reasonable cause.

Finally, Streetman alleged that in October 1987, according to prison medical records, he was described as in an atypical paranoid state and as having openly delusional ideation and inappropriate behavior.

supported his concern with a report by an examining psychiatrist who found him incompetent. *Rees v. Peyton,* 384 U.S. 312, 86 S.Ct. 1505, 16 L.Ed.2d 583"), *cert. denied,* 465 U.S. 1085, 104 S.Ct. 1458, 79 L.Ed.2d 906 (1984); *Lenhard v. Wolff,* 603 F.2d 91, 93 (9th Cir.1979) ("Some minimum showing of incompetence must appear before a hearing is necessary").

**14.** *Morgan,* 559 F.2d at 398; *see also Partin,* 552 F.2d at 636.
    For guidance on the nature of the required threshold showing, the district court relied upon the case law establishing when the trial court is required to hold a competency hearing as per *Pate v. Robinson,* 383 U.S. 375, 86 S.Ct. 836, 15

L.Ed.2d 815 (1966). This Court has observed that "the 'reasonable cause' test of section 4241 closely resembles tests upheld as constitutionally adequate by the Supreme Court" in the *Pate* line of authority. *United States v. Williams,* 819 F.2d 605, 608 (5th Cir.1987).

**15.** *See supra* note 10.

**16.** *United States v. Robinson,* 530 F.2d 677, 679 (5th Cir.), *cert. denied,* 429 U.S. 852, 97 S.Ct. 142, 50 L.Ed.2d 126 (1976); *see also Reed v. United States,* 529 F.2d 1239, 1240–41 (5th Cir.), *cert. denied,* 429 U.S. 887, 97 S.Ct. 241, 50 L.Ed. 2d 169 (1976).

We observe that these same prison records describe Streetman at the time of his May 1987 decision to forgo further legal proceedings as having no apparent thought disorder and as nonsuicidal. This coincides with the federal district court's assessment of Streetman's clarity, responsiveness, coherence, and corresponding demeanor at the hearing, which showed no sign of paranoia, delusion, or inappropriate behavior. Under these circumstances, these allegations do not establish reasonable cause.

### 2.

In his Rule 60(b) motion, Streetman tended to use the same allegations discussed immediately above in support of a request for relief from the federal district court's determination of Streetman's mental competence to choose to forgo legal proceedings. This Court treats that determination as presenting "essentially a factual question," and the district court's finding "must be accepted" by the appellate court "unless shown to be clearly erroneous." [17] Applying the clear error standard, we conclude that the January 1986 professional opinion of competence and the federal district court's own assessment of Streetman's clarity, responsiveness, coherence, and corresponding demeanor provide substantial evidence in support of the federal district court's finding. Moreover, because the allegations in Streetman's Rule 60(b) motion do not for the reasons stated above tend to establish mental disease or defect at the time of Streetman's decision to forgo further legal proceedings, we are not left with a definite and firm conviction that an error has been committed.

### III. *Conclusion*

We conclude that the motion for enforcement of this Court's stay order of May 6, 1986, must be denied. Further, we conclude that Streetman has not made a substantial showing that the federal district court abused its discretion in denying his Rule 60(b) motion for relief from the federal district court's refusal to appoint a psychiatrist and its determination of mental

competence to choose to forgo further legal proceedings. That determination (and the procedures used in reaching it) is thus sustainable, and we have no occasion to reach the remaining issues concerning asserted error in further legal proceedings Streetman chose to forgo.

MOTION TO ENFORCE DENIED, LEAVE TO PROCEED IN FORMA PAUPERIS GRANTED, CERTIFICATE OF PROBABLE CAUSE DENIED, AND STAY OF EXECUTION DENIED

### ORDER

BY THE COURT:

In light of our denial of petitioner Robert L. Streetman's Motion to Enforce Order Granting Stay of Execution and Application for Certificate of Probable Cause and Stay of Execution, *Streetman v. Lynaugh*, 835 F.2d 1521 (5th Cir.1988), we also deny Streetman's Motion for Immediate Stay of Execution pursuant to 28 U.S.C. § 1651 filed in conjunction with that action (Case No. 88–2004).

---

**17.** *Rumbaugh,* 753 F.2d at 399, 402.