878 F.2d 380
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Beverly J. CRAFT, Defendant-Appellant.
 No. 88-5649.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 25, 1989.
Decided June 16, 1989.
 
 Leslie Hunter Miller, Carnegie & Miller on brief for appellant.
 Thomas J. Ashcraft, United States Attorney on brief for appellee.
 Before WILKINSON and WILKINS, Circuit Judges, and CHARLES H. HADEN, Chief United States District Judge for the Southern District of West Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Beverly J. Craft appeals from her conviction of uttering a forged check in violation of 18 U.S.C.A. Sec. 495 (West 1976). On Craft's motion this appeal was submitted on briefs without oral argument. We affirm.
 
 
 2
 The evidence at trial demonstrates that Craft was employed as a clerk at a retail nutrition store in late 1987. During the Christmas holidays Craft was left in charge of the store while the owner was out of town. After the owner returned in early 1988, Craft's employment at the nutrition store was terminated. In late January 1988, subsequent to her termination, Craft attempted to purchase a used copier machine for her personal use. In connection with this purchase Craft tendered to the copier machine vendor a United States treasury check made payable to her former employer in the amount of $472.52. This check bore the purported endorsement of the former employer, along with Craft's signature. Craft testified at trial that she had permission to cash the check and keep the proceeds. Her former employer testified that she had never seen the check and that Craft had not been given permission to cash it.
 
 
 3
 Craft does not challenge the sufficiency of the evidence to support her conviction. The only issue raised on appeal concerns the denial of her pretrial motion for a mental examination and a hearing on her competency under 18 U.S.C.A. Sec. 4241(a) (West 1985).
 
 
 4
 In addition to the competency motion, Craft gave notice prior to trial of a possible insanity defense. At a preliminary hearing conducted by a magistrate, defense counsel informed the court that a psychologist had performed a mental examination and found Craft "definitely competent." Counsel also presented an affidavit of a counselor which stated that Craft suffered from "adjustment disorders with mixed emotional features; a childlike acceptance of reality; [and] an instant self-gratification value system."
 
 
 5
 The magistrate determined that the counselor's affidavit was "non-probative of the issue in question" and ruled under section 4241(a) that there was no reasonable cause to believe that Craft was suffering from a mental disease or defect which rendered her mentally incompetent. He therefore denied Craft's motion for a mental examination and a further hearing. The magistrate's order also reflects that defense counsel withdrew any reliance on the insanity defense at the conclusion of the hearing and stated that the defendant was ready to proceed to trial the following day.
 
 
 6
 Craft contends that the court erred in not requiring an examination and a more detailed hearing. The determination of whether there is reasonable cause to believe that a defendant may be incompetent is left to the discretion of the trial court. Streetman v. Lynaugh, 835 F.2d 1521, 1525-26 (5th Cir.1988). Here, Craft presented only an affidavit of a non-medical professional with vague assertions regarding her personality. And, defense counsel conceded that a psychologist found Craft "definitely competent." Finally, at the conclusion of the hearing, defense counsel admittedly withdrew reliance on an insanity defense. The court did not abuse its discretion in ruling that Craft failed to show reasonable cause to believe that she was incompetent.
 
 
 7
 AFFIRMED.