**UNITED STATES of America, Plaintiff-Appellee,**

v.

**William R. MORGAN, Jr. and Ralph V. Delahoussaye, Defendants-Appellants.**

No. 77–5092
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Sept. 19, 1977.

Rehearing Denied Oct. 14, 1977.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

**398**

Claude W. Hicks, Jr., Macon, Ga. (court-appointed), for William R. Morgan, Jr.

Verlin L. Jones, Jr., Vienna, Ga. (court-appointed), for Ralph V. Delahoussaye.

Charles T. Erion, U. S. Atty., John D. Carey, Asst. U. S. Atty., Macon, Ga., for the United States.

Before AINSWORTH, MORGAN and GEE, Circuit Judges.

PER CURIAM:

Appellants Delahoussaye and Morgan were convicted of two counts of interstate transportation of a stolen automobile (18 U.S.C. § 2312) and kidnapping (18 U.S.C. § 1201). Delahoussaye was also convicted of the use of a firearm in the commission of a kidnapping (18 U.S.C. § 924(c)). These offenses occurred in the course of the appellants' escape and flight from prison in South Carolina. The appellants claim that the district court erroneously denied their motions for a determination of mental competency under 18 U.S.C. § 4244; for a severance of the counts relating to the two different kidnappings; for the suppression of eyewitness identification of appellants and the evidence and testimony regarding fingerprints. In addition, appellant Morgan urges that the denial of his motion for a continuance was reversible error.

Although 18 U.S.C. § 4244 mandates a psychiatric examination upon a showing of reasonable cause, not all assertions of possible incompetence constitute "reasonable cause." It is true that this court has on occasion overturned a trial court's determination of reasonable cause. *See, e. g., United States v. McEachern*, 5 Cir., 1972, 465 F.2d 833. Nevertheless, the determination of reasonable cause is left in large part to the discretion of the district court. *See id.; Rice v. United States*, 5 Cir., 1969, 420 F.2d 863. A review of the record here does not reveal an abuse of such discretion.

The appellants' remaining claims have less merit. Severance was not justified as the two kidnappings were part and parcel of the attempted escape, and there was no showing of a substantial possibility of prejudice. *See United States v. Park*, 5 Cir., 1976, 531 F.2d 754. Likewise, the assertion of improper photographic and in-person identification procedures is unwarranted. The defendants were unable to prove that the photographic identifications were impermissibly suggestive. The existence of the photographic identifications conclusively precludes the possibility that the in-person identification, however sug-

gestive, presented a substantial likelihood of misidentification. The defendants' contention regarding a showing of the qualifications of the Macon officer who "lifted" the fingerprints is without merit. An examination of the record reveals that the officer was fully familiar with the techniques of taking fingerprints. Knowledge of these techniques is sufficient qualification in this case, as the taking of fingerprints is not such a complex process as to require a specialized showing of expertise. Defendants' insistence that the Government's failure to establish a chain of custody of fingerprint evidence prevents the admission of such evidence is equally meritless, as evidence regarding a chain of custody does not affect admissibility, only the weight of the evidence. *See United States v. Ellis*, 5 Cir., 1977, 547 F.2d 863, 868. Finally, defendant Morgan failed to demonstrate the possibility of prejudice from the denial of his motion for a continuance.

AFFIRMED.