**UNITED STATES of America,**
**Plaintiff/Appellee,**

v.

**Robert Ray BUKER,**
**Defendant/Appellant.**

No. 88–3099.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 5, 1990.

Decided May 8, 1990.

David K. Allen, Allen & Allen, Portland, Or., for defendant/appellant.

Charles H. Turner, U.S. Atty., and Jeffrey J. Kent, Asst. U.S. Atty., Portland, Or., for plaintiff/appellee.

Before WALLACE, SKOPIL, and BRUNETTI, Circuit Judges.

SKOPIL, Circuit Judge:

Robert Ray Buker pleaded nolo contendere to charges of conspiring to manufacture and to possess an explosive device, and of possessing an unregistered explosive device. Prior to sentencing he sought a hearing pursuant to 18 U.S.C. § 4244 (1988) for a determination of his present mental condition. The district court apparently found that Buker was suffering from a mental defect. The court nevertheless recommended that Buker be imprisoned at a federal facility in Springfield, Missouri.

On appeal, Buker contends that when a district court finds that a defendant suffers from a mental defect or disease, the court is compelled under section 4244(d) to sentence that defendant to a provisional term at a suitable facility for treatment in lieu of imprisonment. We disagree. We conclude that section 4244(d) permits the district court to sentence a defendant to imprisonment notwithstanding a finding that the defendant suffers from a mental defect or disease.

## DISCUSSION

Under section 4244(d), a defendant with a mental defect may receive a provisional sentence "[i]f, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect and that he should, in lieu of being sentenced to imprisonment, be committed to a suitable facility for care or treatment." 18 U.S.C.

§ 4244(d). We are obligated in applying this criminal statute to "follow the plain and unambiguous meaning of the statutory language." *United States v. Albertini*, 472 U.S. 675, 680, 105 S.Ct. 2897, 2902, 86 L.Ed.2d 536 (1985). "The plain meaning of the words used controls, absent a clearly expressed legislative intent to the contrary." *United States v. Dadanian*, 818 F.2d 1443, 1448 (9th Cir.1987), *modified*, 856 F.2d 1391 (9th Cir.1988).

We conclude that the "plain meaning" of the words "if" and "and" in section 4244(d) requires a district court before imposing a provisional sentence to find both that a defendant is suffering from a mental defect or disease and that the defendant should be hospitalized in lieu of imprisonment. We have found no express legislative history to the contrary.

In viewing the statutory scheme as a whole, we note that Congress specifically provided in section 4244(b) for the possibility that the pre-hearing psychiatric or psychological report may conclude that a particular defendant suffers from a mental disease or defect "but that it is not such as to require his custody for care or treatment in a suitable facility." 18 U.S.C. § 4244(b). In such instances, the report must include an opinion by the examiner regarding the sentencing alternatives available to the court. *Id.* Congress obviously envisioned the possibility that a defendant might be found to be suffering from a mental defect or disease but that it would be unnecessary to commit that person for treatment in lieu of imprisonment.

■ We hold that section 4244(d) requires a district court to find *both* that a defendant suffers from a mental disease or defect *and* that the defendant should be committed to a suitable facility in lieu of imprisonment. Here, the district court expressly found that Buker was not suitable for commitment and specifically sentenced him to a term of imprisonment. We reject Buker's argument that the court implicitly found that Buker was suitable for commit-

ment by its recommendation that he be imprisoned in the federal facility at Springfield, a recognized forensic psychology institution.

Finally, the district court imposed a special assessment of $150.00 on Buker pursuant to 18 U.S.C. § 3013 (1988). We have held that this special assessment violates the origination clause of the Constitution, article I, section 7. *United States v. Munoz–Flores*, 863 F.2d 654 (9th Cir.1988), *cert. granted*, — U.S. —, 110 S.Ct. 48, 107 L.Ed.2d 17 (1989). We reverse the assessment portion of Buker's sentence and remand to the district court. On remand, the district court may choose either to vacate the assessment or to stay further proceedings pending the Supreme Court's decision in *Munoz–Flores*. *See United States v. Urrutia*, 897 F.2d 430, 433 n. 2 (9th Cir.1990).

AFFIRMED in part, REVERSED in part, and REMANDED.