993 F.2d 1540
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Richard KANODE, Defendant-Appellant.
 No. 92-5397.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: April 21, 1993
Decided: May 20, 1993
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield. David A. Faber, District Judge. (CR-89-154)
 David M. Katz, Bluefield, West Virginia, for Appellant.
 Michael W. Carey, United States Attorney, John C. Parr, Assistant United States Attorney, Charleston, West Virginia, for Appellee.
 S.D.W.Va.
 AFFIRMED.
 Before WILKINS, NIEMEYER, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Richard Kanode appeals from an order of the district court revoking his supervised release. United States v. Kanode, CR-89-154 (S.D.W. Va. June 5, 1992). Because it appears that Kanode was not harmed in any way by the district court's proper exercise of discretion in not ordering a psychiatric examination of Kanode, nor failing to continue proceedings so that a psychiatric examination could be performed, we affirm.
 
 
 2
 Following his conviction on a guilty plea on controlled substances charges and completion of a one year jail sentence, Kanode began serving a three year term of federal supervised release. Shortly thereafter, he was accused of violating the terms of supervised release. The petition to revoke release alleged that during the first month following Kanode's release from prison, he had escaped from the custody of United States Marshals by kicking the window out of the van he was being transported in, that he violated his probation officer's instructions to avoid an area where drugs are distributed, that he had used controlled substances, and that he missed a scheduled appointment for drug counseling.
 
 
 3
 Counsel for Kanode moved pursuant to 18 U.S.C. § 4241 (1988), for an examination by a psychiatrist to determine his competency to participate in a hearing on the revocation of his supervised release. Deferring action on the motion, the court took evidence. The court found that Kanode had actively participated in his own defense during the proceedings, and that Kanode had failed to make a showing of incompetency. It denied Kanode's motion for a psychiatric examination, and ordered that Kanode's supervised release be revoked. On appeal, Kanode argues that the district court erred in failing to allow him to obtain a psychological examination so that he could present further evidence regarding his competency to the court. He asserts that evidence of long-standing psychological problems provided reasonable cause for the court to order an evaluation.
 
 
 4
 As this case was pending on appeal, the United States pursued separate criminal escape proceedings against Kanode stemming from the episode in the U.S. Marshals' van. The district court granted Kanode a psychiatric evaluation during these later proceedings. Six months after the hearing on the revocation of his supervised release, Kanode had a competency hearing, and was found competent to stand trial. He then entered a plea agreement, and pled guilty to escape.
 
 
 5
 Determination of whether there is reasonable cause to conduct a competency hearing before trial, and whether to order a psychiatric examination on the issue of competency, are matters generally left to the discretion of the trial court. See United States v. West, 877 F.2d 281, 285 n.1 (4th Cir.), cert. denied, 493 U.S. 959 (1989); United States v. Morgan, 559 F.2d 397, 398 (5th Cir. 1977), cert. denied, 435 U.S. 926 (1978); Hall v. United States, 410 F.2d 653, 658 (4th Cir.), cert. denied, 396 U.S. 970 (1969).
 
 
 6
 The district court's earlier decision not to order a psychological evaluation of Kanode is strongly supported by its later finding that Kanode was competent after review of the results of the psychiatric evaluation. Kanode has advanced no argument that his psychological condition substantially changed during this six-month period between the revocation of his supervised release and the district court's review of his later psychological evaluation. In addition, our review of the transcript of the revocation hearing shows support for the district court's findings regarding Kanode's contributions to his defense. We find no abuse of discretion by the district court in denying the motion for an evaluation or a continuance of the hearing.
 
 
 7
 We affirm the decision of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED