120 F.3d 269
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United STATES of America, Plaintiff-Appellee,
v.
Robert Ray Buker, Defendant-Appellant.
 No. 96-35578.
 United States Court of Appeals, Ninth Circuit.
 July 24, 1997.
Submitted July 22, 1997**
 
 Before: HUG, Chief Judge, KOZINSKI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Robert Ray Buker appeals pro se the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2255. He argues on appeal that the district court: (1) erred by consolidating his 18 U.S.C. § 4244 hearing with his sentencing hearing; (2) erroneously concluded it lacked jurisdiction to adjust his sentence under Rule 35(a) of the Federal Rules of Criminal Procedure; (3) erred in failing to examine the merits of his ineffective assistance of counsel claim; and (4) erred in failing to consider new evidence presented to the court for the first time on habeas and to address the question of the nonconstitutional sentencing errors he alleges occurred during his sentencing hearing. We affirm.
 
 
 3
 Pursuant to a plea agreement with the government, Buker plead nolo contendere to charges of conspiracy to produce an unregistered destructive device designed to detonate remotely by means of radio transmission, unlawfully producing a pipe bomb, and attempting to destroy the Oregon State University Computer Center by means of a pipe bomb. He requested and was granted a § 4244 hearing to determine whether he was suffering a mental illness such that he should be committed for treatment in lieu of being sentenced to imprisonment. At the hearing, the district court found Buker was indeed suffering from mental illness, but it found his condition was not sufficiently severe to mandate he be committed rather than imprisoned and sentenced him to a total of twenty-five years imprisonment.
 
 
 4
 Buker appealed his sentence, arguing that once the district court found he suffered from mental illness, it was required to order him committed rather than imprisoned. We rejected this argument and upheld Buker's sentence in United States v. Buker, 902 F.2d 769 (9th Cir.1990).
 
 
 5
 Buker then filed a Motion for Reduction of Sentence under Rule 35(b) of the Federal Rules of Criminal Procedure. The district court denied this motion, and Buker did not appeal that decision. Buker subsequently filed pro se this § 2255 petition and motion under Rule 35(a) of the Federal Rules of Criminal Procedure. The district court denied Buker's Rule 35(a) motion on jurisdictional grounds and denied his § 2255 petition on the merits. Buker timely appealed.
 
 
 6
 The district court's decision regarding a § 2255 petition is reviewed de novo. United States v. Harris, 108 F.3d 1107, 1108 (9th Cir.1997).
 
 
 7
 Buker first argues that the district court violated his due process rights when, allegedly without notice, it consolidated his sentencing hearing with his § 4244 hearing, affording his counsel inadequate time to prepare for the sentencing hearing. Contrary to the government's argument, Buker need not show cause and prejudice for his failure to raise this argument on direct appeal because it is a constitutional claim. See English v. United States, 42 F.3d 473, 481 (9th Cir.1994) ( § 2255 claims involving constitutional error are waived for failure to raise them on direct appeal only if (1) there is a specific procedural rule requiring the defendant to raise the issue on direct appeal or (2) the failure to raise the issue was a deliberate bypass of direct review)
 
 
 8
 Nevertheless, the claim is clearly unmeritorious. Buker had notice the § 4244 and sentencing hearings would be held together well in advance--the district court had months before scheduled them both for the same day. It was Buker's counsel at the change of plea hearing who recommended the court schedule the § 4244 hearing "either prior to or at the time of [the sentencing hearing]." Further, it is clear that Buker's counsel understood the hearing to encompass both the § 4244 inquiry and sentencing. Buker's counsel indicated in his opening statements to the court at the hearing that the evidence he planned to present would be "enlightening to the Court in terms of sentencing." In his closing remarks, Buker's counsel noted that "the bottom line is that we are here before the Court for sentencing" and explained to the district court his understanding that the hearing was to serve as both a § 4244 and sentencing hearing. Under these circumstances, it is nonsensical to argue that counsel was not afforded sufficient time to prepare for the sentencing hearing.
 
 
 9
 Buker next argues the district court erred in concluding it lacked jurisdiction to adjust his sentence under Rule 35(a) of the Federal Rules of Criminal Procedure. The version of Rule 35(a) applicable to Buker[1] provides that "[t]he court may correct an illegal sentence at any time...." An illegal sentence under Rule 35(a) is "one which is not authorized by the judgment of conviction, or is in excess of the permissible statutory penalty for the crime, or is in violation of the Constitution." United States v. Johnson, 988 F.2d 941, 943 (9th Cir.1993). The district court held it lacked jurisdiction to consider Buker's Rule 35(a) motion because it believed Buker did not contend his sentence is unauthorized by the judgment of conviction, exceeds the permissible statutory penalty for his crime, of violates his constitutional rights. We agree. On appeal, Buker argues his sentence was illegal because it conflicts with the district court's § 4244 finding that he is mentally ill, but he did not raise this argument before the district court in the current case. There is a good reason for this--it is the same argument we rejected in his previous appeal. Buker, 902 F.2d at 769 ( § 4244 permits the district court to sentence a defendant to imprisonment notwithstanding a finding that the defendant is mentally ill). Buker's sentence was not illegal, and the district court correctly held that it lacked jurisdiction to consider his motion under Rule 35(a).
 
 
 10
 Buker also argues that the district court failed to address the merits of his ineffective assistance claim. This is plainly incorrect. The district court addressed the question and expressly found that Buker "failed to prove either prong of the Strickland test." We believe this to be correct. Buker claims his trial counsel failed to investigate fully the facts underlying the indictment before advising him to plead nolo contendere. We agree with the district court that "[i]t is abundantly clear from the record that counsel made a well informed strategic decision that resulted in a favorable outcome for his client." Moreover, the errors and omissions of which Buker accuses his counsel are inconsequential in light of the strength of the evidence against him. See Strickland v. Washington, 466 U.S. 668, 696 (1984) ("[A] verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support.").
 
 
 11
 Buker's fourth and final argument is that the district court erred in failing to consider "newly discovered" allegedly exculpatory evidence or to address his contentions, not raised in his direct appeal, regarding the nonconstitutional sentencing errors he alleges occurred during his sentencing hearing. The "newly discovered" evidence--affidavits taken after his plea--is not "newly discovered" at all, since he could have obtained these affidavits prior to his plea. Baumann v. United States, 692 F.2d 565, 580 (9th Cir.1982). Moreover, it is unclear what relevance the affidavits can have given that Buker chose not to contest the charges against him. This is particularly so in light of our conclusion that pleading nolo contendere was a wise strategic decision. Further, a § 2255 petitioner cannot challenge nonconstitutional sentencing errors if those errors were not challenged in an earlier proceeding. United States v. McMullen, 98 F.3d 1155, 1157 (9th Cir.1996) (citing United States v. Schlesinger, 49 F.3d 483, 485 (9th Cir.1995)). "Petitioners waive the right to object in collateral proceedings unless they make a proper objection before the district court or in a direct appeal from the sentencing decision." Id. Acknowledging this, Buker argues the nonconstitutional sentencing errors and new evidence should be considered as support for his motion under Rule 35(a). However, he does not argue any of these supposed errors or any of the new evidence renders his sentence "illegal." Accordingly, the district court properly rejected Buker's allegations regarding nonconstitutionaln sentencing errors.
 
 AFFIRMED
 
 
 **
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir. R. 34-4 and Fed. R.App. P. 34(a)
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because Buker committed his crime prior to November 1, 1987, the pre-Sentencing Act version of Rule 35 governs his case. See United States v. Stump, 914 F.2d 170, 172 n. 1 (9th Cir.1990)