*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2000 FED App. 0173P (6th Cir.)
File Name: 00a0173p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————

UNITED STATES OF AMERICA,
      *Plaintiff-Appellee,*

        *v.*            No. 99-3064

OLAKUNLE A. OSOBA,
      *Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Ohio at Columbus.
No. 97-00040—John D. Holschuh, District Judge.

Argued: May 4, 2000

Decided and Filed: May 25, 2000

Before: MERRITT, CLAY, and CUDAHY[*], Circuit
Judges.

———————

### COUNSEL

**ARGUED:** Kenneth R. Spiert, Columbus, Ohio, for
Appellant. Terry Lehmann, ASSISTANT UNITED STATES
ATTORNEY, Cincinnati, Ohio, for Appellee. **ON BRIEF:**

_____

[*]The Honorable Richard D. Cudahy, Circuit Judge of the United
States Court of Appeals for the Seventh Circuit, sitting by designation.

Kenneth R. Spiert, Columbus, Ohio, for Appellant. Gary L. Spartis, ASSISTANT UNITED STATES ATTORNEY, Columbus, Ohio, for Appellee.

_____

**OPINION**

_____

MERRITT, Circuit Judge.  Defendant Osoba requested funds for the purpose of obtaining expert psychological services for use during sentencing.  Defendant Osoba now appeals the district court's decision to deny his motion for funds.  Primarily, defendant argues that the district court's conclusion that the language of 18 U.S.C. § 3006A(e)(1) did not give the court authority to grant the motion for funds was error as a matter of law.  Defendant further argues that the denial of the motion for funds was a violation of his Sixth Amendment right to the effective assistance of counsel, his Fourteenth Amendment right to due process, and his Fourteenth Amendment right to equal protection.  We agree with defendant's argument that section 3006A(e)(1) was the controlling statute, but we affirm the denial of funds on separate grounds.

Osoba entered a guilty plea to the charge of distribution of heroin.  Prior to sentencing, Osoba submitted an ex parte motion under 18 U.S.C. § 3006A(e)(1) for the approval of funds for the purpose of obtaining the services of a clinical psychologist.  The opinion of the psychologist was to serve as the basis for a downward departure from the Sentencing Guidelines due to diminished mental capacity.  The district court concluded that 18 U.S.C. § 3006A(e)(1) applied only to requests for psychological assistance prior to trial, and was therefore inapplicable in a situation where the request was made after a guilty plea and prior to sentencing.  Instead, the district court concluded that 18 U.S.C. § 4244(a) was the appropriate controlling statute.  The court determined that section 4244 authorized the granting of funds for psychological services prior to sentencing, but only if the motion for funds was supported by evidence indicating that

psychiatric evidence of future dangerousness.    *See Kordenbrock v. Scroggy*, 919 F.2d 1091, 1120 (6th Cir. 1990) (*en banc*).  Due process does not mandate that Osoba be given psychological assistance in this case because his sanity is not primarily at issue and he has not been convicted of a capital offense.

Finally, the defendant argues that he was denied the equal protection of the law.  The Supreme Court has stated that indigent defendants have a right to the "basic tools of an adequate defense or appeal, when those tools are available for a price to other prisoners." *Britt v. North Carolina*, 404 U.S. 226, 227 (1971).  While it is clear that, for example, a transcript of a prior proceeding is necessary for the proper pursuit of an appeal, it is not so clear that an indigent defendant is entitled to psychological assistance in order to develop his case for a downward departure at sentencing just because such services are available to paying defendants.  Indigence is not considered a suspect classification, and thus the government argues that this Court need find only that the denial of funds had a rational relationship to a legitimate state interest. *See Mason v. Arizona*, 504 F.2d 1345, 1354 (9th Cir. 1974) (holding that rational basis analysis applies to an indigent defendant seeking the assistance of an investigator for trial).  The government's argument that the denial of funds was based on its interests in both reducing the complexity of the sentencing process and in preventing states from having to fund psychologists for every requested downward departure based on family circumstances seems inherently reasonable.

For the foregoing reasons, we AFFIRM the decision of the district court.

Osoba's background. According to the defense, the fact that Osoba was raised in Nigeria under the rule of an abusive father, in addition to the alleged psychological control being exerted on the defendant by the mother of his youngest child, and the need for funds to send back to family members in Nigeria, all combined to reduce his ability to refuse to participate in the drug scheme when he was coerced into doing so as a prerequisite for obtaining a loan. These circumstances do not indicate a significantly reduced mental capacity according to the precedent in our Circuit. We have previously found that even suicidal tendencies do not justify such a departure, and that defendants should not be allowed departures for hardships, misfortune, or defeat, which are "inescapable aspect[s] of human existence." *United States v. Johnson*, 979 F.2d 396, 401 (6th Cir. 1992). A downward departure would have been inappropriate even if defendant had been given the funds for a psychological expert who could have testified according to defendant's theory of his diminished mental capacity, and therefore the services of the psychological expert were clearly not necessary for adequate representation. *See United States v. Barajas-Nunez*, 91 F.3d 826 (6th Cir. 1996). We therefore AFFIRM the decision of the district court on this ground.

Next, defendant Osoba asserts that the denial of the funds caused him to suffer the ineffective assistance of counsel in violation of the Sixth Amendment. This argument is meritless. Defendant alleges only that his counsel was denied the opportunity to pursue the psychological defense due to the court's denial of funds, not that counsel was ineffective in its own right.

Third, defendant Osoba argues that the denial of funds constituted a violation of due process. Under this Circuit's precedent interpreting *Ake v. Oklahoma*, 470 U.S. 68 (1985), the constitution only requires the government to furnish an indigent criminal defendant psychiatric or psychological assistance during the sentencing phase of a trial if 1) the defendant's sanity was a significant issue during the trial, or 2) defendant is on trial for his life and the state first presents

the defendant presently suffered from a mental impairment. Because defendant's motion did not allege that he suffered from a present mental impairment, but only alleged a history of adverse circumstances which would have contributed to his mental state at the time of the offense, the district court held that defendant did not qualify for funds for psychological assistance under 18 U.S.C. § 4244(a).

While legal errors are reviewed de novo, this court reviews a district court's denial of funds for an expert under the Criminal Justice Act for abuse of discretion. *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jaros*, 70 F.3d 418, 420 (6th Cir. 1995); *United States v. Robinson*, 95 F.3d 1153 (6th Cir. 1996). Defendant argues that the district court's decision was erroneous as a matter of law, or in the alternative was an abuse of discretion.

The district court clearly erred as a matter of law in its decision to apply section 4244(a) rather than section 3006A(e)(1) to Osoba's request for funds for an expert. Section 4244(a) is not applicable to a situation where a defendant requests funds for a psychologically-based defense during sentencing, such as a proposed downward departure under the Guidelines. Instead, the purpose of section 4244 is quite clearly to provide a hearing to determine if hospitalization of a defendant is necessary in lieu of incarceration, as is clear from the title "Hospitalization of a convicted person suffering from mental disease or defect." The section provides:

> A defendant found guilty of an offense . . . may, within ten days after the defendant is found guilty, and prior to the time the defendant is sentenced, file a motion for a hearing on the present mental condition of the defendant if the motion is supported by substantial information indicating that the defendant may presently be suffering from a mental disease or defect for the treatment of which he is in need of custody for care or treatment in a suitable facility. The court shall grant the motion . . . if it is of the opinion that there is reasonable cause to

believe that the defendant may presently be suffering from a mental disease or defect for the treatment of which he is in need of custody for care or treatment in a suitable facility.

18 U.S.C. § 4244(a) (1999). Nowhere in section 4244 does it appear that the statute was intended to be used to provide funds to obtain an expert psychologist's opinion as to mitigating factors which might justify a reduced period of incarceration, as opposed to hospitalization, for a defendant. In addition, other Circuits seem to implicitly assume, without discussion, that section 3006A(e)(1) applies to the sentencing phase of a trial as well as to the guilt phase. *See United States v. Smith*, 987 F.2d 888, 891 (2nd Cir. 1993); *United States v. Roman*, 121 F.3d 136, 143 (3rd Cir. 1997); *Lawson v. Dixon*, 3 F.3d 743, 750 (4th Cir. 1993); *United States v. Blade*, 811 F.2d 461, 466 (8th Cir. 1987). We find that the district court's determination that section 4244 was the applicable section was erroneous as a matter of law. To the extent that the government led the district court to this conclusion, it did so with a lack of regard for the plain language of the statutes in question.

Even if the proper statute had been utilized, however, the district court would have been compelled to deny the request for funds. Section 3006A(e)(1) provides that "[a] person who is financially unable to obtain investigative, expert, or other services *necessary for adequate representation* may request them in an ex parte application. Upon finding, after appropriate inquiry in an ex parte proceeding, that the services are necessary . . . the court . . . shall authorize counsel to obtain the services." 18 U.S.C. § 3600A(e)(1) (1999) (emphasis added). A district court may deny a motion under this section if it finds that the requested services are not necessary for adequate representation.

The determination of whether an expert's assistance is necessary for an adequate defense is generally left within the discretion of the trial court. Some courts compel the indigent criminal defendant to prove only that reasonably competent

paid counsel would have retained the expert's services and that the defendant was clearly prejudiced by the lack of those services. *See United States v. Labansat*, 94 F.3d 527, 530 (9th Cir. 1996). The Third Circuit has found that in appropriate cases a court can order that funds be provided to assist an indigent during sentencing, but that in order to find that such funds were "necessary" the court must "'satisfy itself that a defendant may have a plausible defense.'" *See United States v. Roman,* 121 F.3d 136, 143 (3rd Cir. 1997) (quoting *United States v. Alden*, 767 F.2d 314, 318 (7th Cir. 1984)). Adopting a stricter approach, the Eight Circuit has held that the decision to deny funds under section 3006A(e)(1) is left to the sound discretion of the judge, and is not to be disturbed absent a showing of prejudice. *See United States v. Bercier*, 848 F.2d 917 (8th Cir. 1988).

It appears that the motion for funds should have been denied as unnecessary in this case under any of the above approaches. While the Sentencing Guidelines explicitly prohibit some avenues of downward departure (such as race, socioeconomic status, lack of guidance as a youth, or abuse of drugs and alcohol), a judge still has the discretion to depart downward from the guidelines if that judge finds that a defendant had a "significantly reduced mental capacity" at the time of the offense. *See United States v. Johnson*, 979 F.2d 396 (6th Cir. 1992); *see also* U.S.S.G. § 5K2.13 p.s. We have previously indicated that a defendant who has the ability "'to absorb information in the usual way and to exercise the power of reason'" does not have a mental or emotional disorder sufficient to trigger a downward departure for diminished mental capacity. *United States v. Johnson*, 979 F.2d 396 (6th Cir. 1992) (quoting *United States v. Hamilton*, 949 F.2d 190, 193 (6th Cir. 1991)).

In this case, the defendant's theory behind the proposed motion to depart downward does not indicate that the defendant was unable to process information or to reason, or even that he was unable to appreciate the wrongfulness of his conduct. On the contrary, the defendant's theory was based upon cultural and psychological factors stemming from