UNITED STATES of America,
Plaintiff–Appellee,

v.

Alejandro B. LIZAMA, Defendant–
Appellant

No. 00–10405.

D.C. No. CR–00–00009–001–JSU.

United States Court of Appeals,
Ninth Circuit.

Submitted July 13, 2001.[1]
Decided July 19, 2001.

---

1. The panel unanimously finds this case suitable for disposition without oral argument.

Fed. R.App. P. 34(a)(2).

Before HALL, WARDLAW, and BERZON, Circuit Judges.

## MEMORANDUM[2]

■ Defendant Alejandro Lizama contends that the district court erred by sentencing him to one year in prison without conducting a hearing pursuant to 18 U.S.C. § 4244(a). Section 4244 hearings are meant to determine if a convicted person suffering from a mental disease or defect should be hospitalized for treatment instead of imprisoned. A hearing is required when the district court has "reasonable cause" to believe that the defendant has a mental defect and requires treatment outside of prison for that defect. 18 U.S.C. § 4244(a); *see United States v. Osoba*, 213 F.3d 913, 915 (6th Cir.2000).

■ Because Lizama did not object to the district court's failure to conduct a hearing pursuant to § 4244(a), our review is limited to plain error. It is debatable whether or not the district judge should have held a § 4244 hearing. The judge found that Lizama suffered from post-traumatic stress disorder and he reviewed Lizama's mental history as described in detail in the PSR. He also ordered a psychiatric examination under § 4244(b), which recommended continued psychiatric and substance abuse treatment. Lizama presented no evidence that he would be better served in a mental health facility than in prison.

■ Regardless of whether the judge should have held a § 4244 hearing, Lizama was not prejudiced by the judge's failure to hold such a hearing. The judge concluded that Lizama would profit from both the psychiatric treatment provided by the Bureau of Prisons and by participation in the Veterans Administration program at Hilo. Thus, the judge sentenced Lizama to a year in prison and then a year of supervised release when Lizama would be required to attend the Hilo program.

Lizama offers no evidence that anything more could have been learned if a § 4244 hearing had taken place. This is confirmed by the actions of Lizama's counsel during the sentencing hearing. After the district judge announced that he would sentence Lizama to time in prison, Lizama's counsel offered only the testimony of David Diaz, a veteran who had completed the Hilo program. While Diaz spoke in glowing terms about the Hilo program, he said nothing to indicate that Lizama required hospitalization or that he could not profit from the psychiatric treatment available in prison.

■ When given the opportunity, Lizama's counsel offered no evidence that Lizama would be denied the care he needed if he were sent to prison before attending the Hilo program. Although the decision to have a § 4244 hearing is not discretionary once the district court has reasonable cause to believe that the defendant's mental disease requires hospitalization, Lizama offered no medical evidence or evidence about the benefits of the Hilo program to give the district court such reasonable

**2.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

cause. As a result, it was not plain error for the district court to not engage in a § 4244 hearing.

 Moreover, the district court did not abuse its discretion by sentencing Lizama to a prison term even though it found that he suffered from a mental defect. *See United States v. Buker*, 902 F.2d 769, 769–70 (9th Cir.1990) "Provisional sentences are not appropriate in every case involving defendants who appear to be suffering from a mental defect." *Id.* at 770. "Congress obviously envisioned the possibility that a defendant might be found to be suffering from a mental defect or disease but that it would be unnecessary to commit that person for treatment in lieu of imprisonment." *Id.* In *Buker*, we upheld the decision of the district court to imprison the defendant even though the district court also found that the defendant was suffering from a mental defect. This case is no different. It was within the district judge's discretion to decide, after learning about Lizama's defect and the Hilo treatment program, that Lizama would profit most from one year of imprisonment and one year of supervised release.

AFFIRMED.