**Marlo Demetrius BROWN,**
**Plaintiff–Appellant,**

v.

**Officer Mark KORDIS, Defendant–**
**Appellee.**

**No. 02–5355.**

United States Court of Appeals,
Sixth Circuit.

Sept. 13, 2002.

Before NORRIS and CLAY, Circuit Judges; O'MEARA, District Judge.*

*ORDER*

Marlo Demetrius Brown, a pro se Kentucky prisoner, appeals a district court order granting summary judgment for the defendant in his civil rights action filed

---

* The Honorable John Corbett O'Meara, United States District Judge for the Eastern District of Michigan, sitting by designation.

under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking compensatory and punitive damages, Brown sued the City of Louisville, the Louisville Police Department (LPD), the chief of police, and ten officers of the LPD in their individual and official capacities. He alleged that Officer Kordis used excessive force when Kordis shot him in the arm during his arrest on February 18, 1997, that the city was liable as his employer, and that the other defendants were negligent in investigating the incident. In a memorandum opinion and order entered on July 17, 1998, the district court dismissed *sua sponte* all of Brown's claims except that charging excessive force against Kordis in his individual capacity. Brown does not challenge this order.

Kordis subsequently filed a motion for summary judgment, to which Brown responded. After reviewing the pleadings and other documents submitted in the case, the district court granted Kordis's motion for summary judgment in a memorandum opinion and order entered on February 6, 2002.

On appeal, Brown argues that: (1) the district court erred in granting summary judgment to defendant Kordis on his excessive force claim; and (2) the district court abused its discretion by denying his requests for funds for an expert witness and for the appointment of counsel.

Upon review, we affirm the district court's order. This court reviews *de novo* a district court's grant of summary judgment. *Strouss v. Michigan Dep't of Corr.*, 250 F.3d 336, 341 (6th Cir.2001). "Summary judgment is appropriate if a party who has the burden of proof at trial fails to make a showing sufficient to establish the existence of an element that is essential to that party's case." *Id.* In reviewing the district court's judgment, this court construes the evidence and all inferences to be drawn therefrom in a light most favorable to the nonmoving party. *Id.* However, " '[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.' " *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

The district court properly granted summary judgment to Kordis on Brown's excessive force claim. Generally, the Fourth Amendment prohibits unreasonable seizures and the use of excessive force during an arrest or investigatory stop. *See Graham v. Connor*, 490 U.S. 386, 394, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). To defend against an allegation of excessive force, the officer must demonstrate that his conduct was objectively reasonable in light of the facts and circumstances confronting him without regard to his underlying intent or motivation. *Id.* at 397. The inquiry under this test may include an examination of the facts and circumstances of the particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officer or others, and whether he is actively resisting arrest or attempting to evade arrest by flight. *Id.* at 396; *Patrick v. City of Detroit*, 906 F.2d 1108, 1115 (6th Cir.1990).

█ There is no genuine issue of material fact in this case. Although Brown claims that Kordis shot him from behind, his statements regarding this issue are contradictory. These inconsistent statements are wholly insufficient to create a genuine issue of fact where the physical

evidence and unrebutted expert testimony indicates that the bullet injuring Brown did *not* come from behind. Given the circumstances of the arrest, the district court properly concluded that, at most, Kordis's actions could be termed negligent, and negligence is insufficient to support a § 1983 claim. *See Daniels v. Williams,* 474 U.S. 327, 333–36, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Mackey v. Dyke,* 29 F.3d 1086, 1092 (6th Cir.1994). Thus, the district court did not err in granting summary judgment to Officer Kordis on Brown's excessive force claim.

█ Furthermore, the district court did not abuse its discretion in denying Brown's motion for the appointment of counsel. *See Lavado v. Keohane,* 992 F.2d 601, 604–05 (6th Cir.1993); *Henry v. City of Detroit Manpower Dep't,* 763 F.2d 757, 760 (6th Cir.1985). The appointment of counsel in a civil case is not a constitutional right, but a privilege granted only in exceptional circumstances. It is inappropriate when a plaintiff's claims have only a slim chance of success. *Id.* Brown's claim fell within this category and the district court appropriately denied his request for counsel.

Nor did the district court abuse its discretion in denying Brown's request for funds to engage an expert witness under Fed.R.Evid. 706(a). *See Walker v. Am. Home Shield Long Term Disability Plan,* 180 F.3d 1065, 1071 (9th Cir.1999); *Ledford v. Sullivan,* 105 F.3d 354, 358 (7th Cir.1997); *cf. United States v. Osoba,* 213 F.3d 913, 915 (6th Cir.2000).

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.