**UNITED STATES of America,**
**Appellee,**

v.

**James B. BROWN.**

**No. 03–1193.**

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Dec. 12, 2003.

Decided Dec. 22, 2003.

George J. Shotzbarger, Office of United States Attorney, Philadelphia, PA, for Appellee.

James M. Brown, pro se, Lisbon, OH, for Appellant.

Before: AMBRO, FUENTES, and GARTH, Circuit Judges.

OPINION

AMBRO, Circuit Judge.

James M. Brown ("Brown") appeals the United States District Court for the Eastern District of Pennsylvania's denial of a request, under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A(e)(1), for funds to engage a psychologist for sentencing purposes.

### Facts and Procedural History

In October 2001, Brown was indicted on charges of: 1) possession of a firearm by a convicted felon; 2) possession with intent to distribute cocaine base; and 3) possession of a firearm in furtherance of a drug trafficking crime. The District Court declared Brown indigent and appointed counsel. Thereafter, he entered a plea of not guilty to all charges. While awaiting trial,

Brown was held at a federal detention center.

In January 2002 detention center officials observed that Brown exhibited various mental health problems. Thereafter, the District Court granted Brown's motion to be evaluated for competency to stand trial. He was then transferred to a federal medical center for evaluation. In April 2002 a forensic psychologist concluded that Brown was competent to stand trial.[1]

Brown's trial began in September 2002. A jury convicted him of trafficking in cocaine base and possession of a firearm by a convicted felon. Prior to sentencing, Brown filed a motion, under 18 U.S.C. § 3006A(e)(1), to obtain funds so that he could be evaluated by a clinical and forensic psychologist in order for findings and expert testimony to be used at the time of sentencing. Based upon the pre-trial forensic evaluation, the District Court denied his motion. Brown petitioned the District Court for reconsideration of the denial, but it determined that there was no need for a further psychological evaluation.

At the sentencing hearing, the District Court determined that under the guidelines Brown's proper range was 78 to 97 months. Despite continued claims of psychological, mental and psychiatric infirmity, Brown did not file a motion for downward departure. The District Court sentenced Brown to a prison term of 90 months. He thereafter appealed.[2]

### Standard of Review

We review the District Court's ruling for abuse of discretion. "The decision to grant or deny a motion under [18 U.S.C. § ]3006A(e)(1) is one committed to the discretion of the district court and [such a] decision will be disturbed on appeal only if it constitutes an abuse of discretion." *United States v. Roman,* 121 F.3d 136, 143 (3d Cir.1997) (internal citation omitted). To show an abuse of discretion, "appellants must show the district court's action was arbitrary[,] fanciful or clearly unreasonable." *Stich v. United States,* 730 F.2d 115, 118 (3d Cir.1984). We will not disturb a trial court's exercise of discretion unless "no reasonable person would adopt the district court's view." *Oddi v. Ford Motor Co.,* 234 F.3d 136, 146 (3d Cir.2000).

### Discussion

CJA funds to assist an indigent defendant in preparing for sentencing are warranted in the right case. *United States v. Roman,* 121 F.3d at 143. "Upon finding, after appropriate inquiry in an *ex parte* proceeding, that the services are necessary and that the person is financially unable to obtain them, the court ... shall authorize counsel to obtain them." *Id.* (quoting 18 U.S.C. § 3006A(e)(1)).

Brown asserts that the District Court's denial of CJA funds to help him prepare for sentencing deprived him of his rights under the Due Process and Equal Protection Clauses of the United State Constitution. To support this assertion, Brown cites *Ake v. Oklahoma,* 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985), which held that "where mental condition is a significant factor at sentencing, the denial of psychiatric assistance to a capital defendant results in a deprivation of due process." *Id.* at 87. However, *Ake* also noted that "defendant's mental condition is not necessarily at issue in every criminal proceeding ... and it is unlikely that psychiatric assistance ... would be of probable value in cases where it is not." *Id.* at 82.

---

1. Brown's evaluating clinician was Melissa Peters, Ph.D, a forensic psychologist at the Federal Medical Center in Lexington, Kentucky.

2. We have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

"The variable on which [a court] must focus is, therefore, the probable value the assistance of a psychiatrist will have ... and the risk attendant on its absence." *Id.* at 84.

Based upon the existence of the pre-trial psychological evaluation and the evaluation's finding that Brown was competent to stand trial, it was reasonable for the District Court to find that further psychiatric assistance would not be of value at sentencing.[3]  Thus, it was not an abuse of discretion for the District Court to deny CJA funds to assist Brown in preparing for sentencing.

### Conclusion

In this context, we affirm the judgment of the District Court.

---

**3.** Additionally, the Sixth Circuit has interpreted *Ake* such that "the constitution only requires the government to furnish an indigent criminal defendant psychiatric or psychological assistance during the sentencing phase of a trial if 1) the defendant's sanity was a significant issue during the trial, or 2) defendant is on trial for his life and the state first presents psychiatric evidence of future dangerousness." *U.S. v. Osoba,* 213 F.3d 913, 917 (6th Cir.2000); *see also Kordenbrock v. Scroggy,* 919 F.2d 1091, 1120 (6th Cir.1990). Brown was not on trial for his life and, because the District Court determined that he was competent to stand trial, his sanity was not an issue.