**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Brent Andrew CZUBAJ, Defendant–Appellant.**

No. 03–1412.

United States Court of Appeals, Sixth Circuit.

Jan. 6, 2004.

---

David J. Debold, Asst. U.S. Attorney, Barbara L. McQuade, U.S. Attorney's Office, Detroit, MI, for Plaintiff-Appellee.

Bruce S. Menken, Shelley A. Stasson, West Bloomfield, MI, for Defendant-Appellant.

Before KEITH, DAUGHTREY, and GILMAN, Circuit Judges.

## PER CURIAM.

The defendant, Brett Czubaj, appeals from the district court's judgment revoking his supervised release and sentencing him to an additional nine months of imprisonment. Specifically, Czubaj challenges the court's failure to order a formal evaluation of his mental health, which, he contends, would have resulted in his being hospitalized under a provisional sentence pursuant to 18 U.S.C. § 4244, rather than incarcerated. The defendant also argues that the district court should not have allowed him to represent himself, because he was obviously not competent to waive his right to counsel or to undertake his own representation. We find no error and affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Czubaj originally pleaded guilty in the Eastern District of North Carolina to a charge of theft of property from the Fort Bragg Military Reservation. He was sentenced in June 2000 to a prison term of seven months (which was satisfied by time spent in pre-trial detention) and three years of supervised release. One of the conditions of his supervised release required that Czubaj "participate in a program of mental health treatment, as directed by the probation office." However, the defendant did not comply with this directive, failed to report to his probation officer, and moved to Michigan to live with his mother, apparently without giving proper notice. After an arrest warrant was issued, Czubaj was eventually located there, and jurisdiction in his case was transferred to the Eastern District of Michigan in January 2001. The Michigan court did not initially revoke Czubaj's supervised release but, like its North Carolina counterpart, ordered as a condition of the defendant's continued release that he

seek mental health services as recommended by the probation office.

, Once more, however, the defendant failed to report, another warrant issued, and a second revocation hearing was held in March 2003, at which time the district court allowed the defendant to waive his right to counsel under Rule 32.1(b) and proceed *pro se*. Following a hearing, the court found the defendant guilty of failure to report, noted that this was the second time he had been found in violation of his conditions of release, and imposed a sentence of nine months. The defendant now appeals that order of incarceration.

## DISCUSSION

The statute under review here, 18 U.S.C. § 4244,[1] provides in subsection (a) for pre-sentencing evaluation, as follows:

A defendant found guilty of an offense, or the attorney for the Government, may, within ten days after the defendant is found guilty, and prior to the time the defendant is sentenced, file a motion for a hearing on the present mental condition of the defendant if the motion is supported by substantial information indicating that the defendant may presently be suffering from a mental disease or defect for the treatment of which he is in need of custody for care or treatment in a suitable facility. The court shall grant the motion, or at any time prior to the sentencing of the defendant, shall order such a hearing on its own motion, if it is of the opinion that there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect for the treatment of which he is in need of custody

for care or treatment in a suitable facility.

Normally, a determination under § 4244 is reviewed for abuse of discretion. *See, e.g., United States v. Bos,* 917 F.2d 1178, 1183 (9th Cir.1990) (reviewing § 4244's predecessor for abuse of discretion); *United States v. Morgan,* 559 F.2d 397, 398 (5th Cir.1977) (same); *United States v. Hall,* 523 F.2d 665, 668 (2d Cir.1975) (same). However, in this case there was no request for a § 4244 hearing and, significantly, no objection to the district court's failure to hold such a hearing *sua sponte*. Hence, under *United States v. Koeberlein,* 161 F.3d 946, 949 (6th Cir. 1998), we review the alleged defect in sentencing in this case for plain error only. We find none here.

The defendant argues that, despite his failure to request an evaluation, there was reasonable cause to believe that an evaluation was required, including the existence of the previous orders requiring that he seek mental health counseling and also a report by his probation officer that his "behavior in court is bizarre and he insists on proceeding pro se." However, Czubaj had been represented by counsel in North Carolina and at his first appearance in the Michigan district court, and no question had been raised by his attorneys concerning the defendant's basic competence, nor any suggestion that he was in need of immediate evaluation and hospitalization. There is, obviously, a substantial difference between a condition that can benefit from out-patient counseling and one that requires inpatient treatment. In the absence of proof that, at the time of the

---

1. In its brief, the government suggests that 18 U.S.C. § 4241(a) might also be implicated. That statute provides that "[a]t any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant." However, the plaintiff did not rely on this provision as a basis for relief, and neither party filed such a motion in this case.

revocation hearing, the defendant fell into the latter category rather than the former, we cannot say that the district court erred in failing to order an evaluation under § 4244.

Moreover, even if the district court had come to the conclusion that the defendant was suffering from a mental disease or defect, as may well have been the case here, the district court would have had to make the additional finding that the defendant's condition would best be addressed through hospitalization. *See United States v. Buker*, 902 F.2d 769, 770 (9th Cir.1990). Hence, in discussing § 4244, the Ninth Circuit has held:

> In viewing the statutory scheme as a whole, we note that Congress specifically provided in section 4244(b) for the possibility that the pre-hearing psychiatric or psychological report may conclude that a particular defendant suffers from a mental disease or defect "but that it is not such as to require his custody for care or treatment in a suitable facility." 18 U.S.C. § 4244(b). In such instances, the report must include an opinion by the examiner regarding the sentencing alternatives available to the court. *Id.* Congress obviously envisioned the possibility that a defendant might be found to be suffering from a mental defect or disease but that it would be unnecessary to commit that person for treatment in lieu of imprisonment.

*Id.* Here, the defendant has failed to show that it would have been necessary to hospitalize him had the district court determined that he was suffering from a mental disease or defect.

Because the record does not establish the defendant's incompetence, we are likewise unable to find reversible error in the district court's decision to permit Czubaj to represent himself at the revocation hearing.

## CONCLUSION

For the reasons set out above, we AFFIRM the district court's judgment.